# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **TENNESSEE STEEL HAULERS, INC.,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | No. 3:14-0549 |
| v. ) | Judge Nixon/Brown |
| ) | |
| **COUNTRY STONE, INC.,** ) | |
| ) | |
| **Defendant** ) | |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is adopted.

**1. JURISDICTION**

(a) <u>Subject-Matter Jurisdiction</u>. This Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), insofar as the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

(b) <u>Venue</u>. Country Stone has filed a motion asserting that venue over this dispute is improper in the Middle District of Tennessee and should be dismissed under Fed. R. Civ. P. 12(b)(3). In the alternative, Country Stone requests that this case be transferred from the alleged improper venue under 28 U.S.C. § 1406(a) either to the Southern District of Iowa or to the Central District of Illinois. Tennessee Steel has filed its response and disputes that venue is improper in the Middle District of Tennessee.

**2. PLAINTIFF'S THEORY OF THE CASE**

This is a collection action brought by Tennessee Steel against Country Stone to recover unpaid invoices in the total principal amount of $163,596.96. Tennessee Steel is a freight carrier and transported various goods and cargo for Country Stone. Tennessee Steel has not been paid for the services it rendered to Country Stone. There is no dispute as to whether the

shipments were properly and timely made. The only issue in this case is whether Country Stone is liable for the amount owed to Tennessee Steel for the unpaid invoices.

3. **DEFENDANT'S THEORY OF THE CASE**

Country Stone was not under contract with Tennessee Steel Haulers. The shipments were made pursuant to an arrangement Country Stone had with Radabaugh Bros. Trucking Co., Inc., d/b/a Radabaugh Brothers Trucking ("Radabaugh Brothers Trucking"), who apparently is affiliated with Tennessee Steel Haulers. As shown by Tennessee Steel Haulers' exhibits to its Complaint, its invoices were sent to Radabaugh Brothers Trucking, at Radabaugh Brothers Trucking's address. Country Stone was invoiced by Radabaugh Brothers Trucking. Country Stone made its payments to Radabaugh Brothers Trucking pursuant to the invoices it received and the course of dealing engaged in for years by the parties. Country Stone has fully paid for the services it received. Once this matter is fully at issue, Radabaugh Bros. Trucking Co., Inc. will be added as a necessary party. Any payments which may be due Tennessee Steel Haulers are the responsibility of Radabaugh Brothers Trucking as it has already received payment from Country Stone for the invoices.

4. **IDENTIFICATION OF THE ISSUES**

Whether Country Stone is liable for the amount owed to Tennessee Steel?

5. **ISSUES UNDER FRCP 13-15, 17-21, AND 23**

Other than issues that may be related to those raised by Country Stone below, at this time, Tennessee Steel does not anticipate any issues arising from the above-cited rules.

At this time, while Country Stone does not anticipate any "issues" arising under the above cited rules, it fully anticipates that Radabaugh Bros. Trucking Co., Inc. will be added to the action under FRCP 14, a circumstance of which Tennessee Steel Haulers is, or should be, fully aware. In fact, it may well be that FRCP 19 would be applicable to Radabaugh Brothers Trucking being added to this action; and, at the very least, FRCP 20 would apply. Depending on what may be uncovered in discovery, there may very well be a counterclaim against Tennessee

Steel Haulers under FRCP 13, particularly if it is confirmed that Tennessee Steel Haulers is fully aware of the fact that payment in full had been made by Country Stone. Again, depending on information and evidence garnered in discovery, pleadings may be amended under FRCP 15.

6. **WITNESS**

    (a)    Potential Witnesses for Tennessee Steel

        (i)    Employees and former employees of Tennessee Steel;

        (ii)    Ms. Jane Kenney;

        (iii)    Employees of Country Stone; and

        (iv)    Any witnesses called by any other party.

    (b)    Potential Witnesses for Country Stone

        (i)    Ms. Jane Kenney;

        (ii)    Ms. Karen Montgomery;

        (iii)    Ms. Carrie Sidlinger:

        (iv)    Rick Burkamper;

        (v)    Ms. Kimberly Deason;

        (vi)    Ms. Penny Keller;

        (vii)    Larry R. Foster;

        (viii)    Employees/agents of Radabaugh Brothers Trucking;

        (ix)    Employees/agents of Tennessee Steel Haulers, Inc.; and

        (x)    Employees/agents of Country Stone.

7. **INITIAL DISCLOSURES AND STAGING OF DISCOVERY**

    (a)    Initial disclosures shall be made on or before: **Thursday, July 3, 2014**. In providing initial disclosures the Defendant in no way waives its right to object to venue in this matter.

    (b)    Prior to filing any discovery-related motion, the Parties will schedule and conduct a telephone conference with the Magistrate Judge. Counsel requesting the conference call shall check with opposing counsel as to his/her availability before setting a time certain with the Court.

### 8. PENDING MOTIONS

Presently pending is a motion to dismiss for lack of jurisdiction, or in the alternative, to transfer venue (Docket Entry 15). Defendant has requested oral argument on this matter, and after discussion at the case management conference they wish to continue the request for oral argument. A decision on whether to grant oral argument is for the District Judge, and the **Clerk** will restore Docket Entry 19 as an active motion.

The Magistrate Judge will not set further scheduling in this matter or request a trial date until the District Judge has had an opportunity to resolve the pending motions to dismiss or for a change of venue. If the case remains in this district it will be necessary to obtain service on Radabaugh Brothers Trucking and it will be more economical to schedule deadlines after that is accomplished. The parties are free by agreement to conduct any discovery at this time.

The Magistrate Judge will reconvene a case management conference to set deadlines, if needed, once the pending motion is resolved.

It is so ORDER.

       /s/    Joe B. Brown
JOE B. BROWN
UNITED STATES MAGISTRATE JUDGE