IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE STEEL HAULERS | ) |
| | ) |
| v. | ) NO. 3-14-0549 |
| | ) JUDGE CAMPBELL |
| COUNTRY STONE, INC., et al. | ) |

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss for Improper Venue, or, in the Alternative, to Transfer Venue (Docket No. 15). For the reasons stated herein, Defendant's Motion (Docket No. 15) is DENIED.

FACTS

This is an action to recover monies allegedly owed to Plaintiff for carrying various goods and products to various customers of Defendant Country Stone, reflected in certain invoices, bills of lading, delivery receipts, and other sales/shipping documents. Plaintiff alleges that Defendants Country Stone, Inc. and Radabaugh Bros. Trucking Co., Inc., are jointly and severally liable for the indebtedness, which now totals more than $163,000.00. Plaintiff alleges causes of action for unpaid invoices, unjust enrichment, promissory estoppel/detrimental reliance, fraud, negligent misrepresentation, conversion, constructive fraud, and constructive trust. Amended Verified Complaint (Docket No. 27).

Defendant Country Stone has moved to dismiss the action for improper venue or, in the alternative, to transfer venue. Docket No. 15.

VENUE

Federal law provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

Defendant argues that it is not a resident of this district and that a substantial part of the events or omissions giving rise to the claim occurred did not occur here. Therefore, Defendant contends, venue is improper, and the case should be dismissed. Alternatively, Defendant asserts that venue should be transferred to a proper venue.

Plaintiff points out that this case is about the failure of Defendant to remit funds due and owing to Plaintiff at Plaintiff's Nashville office. The case is not about the shipments or cargo which was delivered in other states or any loss or damage which occurred outside Tennessee. The injury to Plaintiff, it argues, occurred in Nashville, at its Tennessee office, when it did not receive payment.

Defendant claims that it resides in Iowa and Iowa is where most of the shipments originated and deliveries were made. Defendant also asserts that its broker, to whom it remitted funds, is in Indiana and Defendant's principal place of business is in Illinois.

Plaintiff, on the other hand, avers that it resides and has its principal place of business in Tennessee, the subject invoices were prepared and issued here, the subject payments were supposed to be made here, the damages were suffered by Plaintiff here, and all collection efforts originated here.

The Court finds that a sufficiently substantial part of the events or omissions occurred in this district to make venue proper here and to honor Plaintiff's choice of forum. Accordingly, Defendant's Motion to Dismiss or Transfer is DENIED.

IT IS SO ORDERED.

                                                                                                */s/ Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE